# Norwood Borough, Appellant, *v.* Keystone Telephone Company.

*Telephone companies—Boroughs—License fees—Reasonableness of fees.*

Where a telephone company obtains the consent of a borough to erect poles and wires in the streets of the borough in consideration of the payment of "the charges authorized by law and ordinances now in force," and it appears that at the time the consent was given, an ordinance had been previously passed imposing a fee of one dollar per pole and two dollars and fifty cents per mile of wire, the telephone company may in an action against it for the license fees, successfully defend on the ground that the license fees were unreasonable, and therefore void, and that the company prior to the suit had filed a petition under the Act of April 17, 1905, P. L. 185, for the purpose of having the license fees in question adjusted according to law.

262 NORWOOD BORO., Appellant, *v.* KEYSTONE T. CO.

Argued Nov. 15, 1915. Appeal, No. 30, Oct. T., 1915, by plaintiff, from order of C. P. Delaware Co., March T., 1914, No. 132, discharging rule for judgment for want of a sufficient affidavit of defense in case of Norwood Borough v. Keystone Telephone Company of Philadelphia. Before RICE, P. J., HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit to recover license fees.

Rule for judgment for want of a sufficient affidavit of defense.

BROOMALL, J., filed the following opinion:

"By the statement of plaintiff's claim, it appears that the plaintiff borough on December 14, 1911, granted permission by resolution of council, approved by the acting chief burgess, to the defendant company to erect and maintain certain poles and wires in the streets of the borough, subject to certain conditions, among which is this condition, 'Provided the Keystone Telephone Company shall pay the charges authorized by law and ordinances now in force, and comply with all the police regulations now in force or hereafter to be adopted.' This resolution contains this clause, 'Provided The Keystone Telephone Co. annually report to the borough clerk, in writing, the number of its poles and the number of miles of its wire maintained within the Borough of Norwood and shall pay the lawful charges therefor.' Subjoined to this resolution is a stipulation signed by the acting chief burgess, in these words, 'No work is to be done, until these resolutions are accepted in writing by the proper officials of the Keystone Telephone Co.' Then follows an acceptance by the defendant in these words, 'Accepted by the Keystone Telephone Company of Philadelphia.' A further acceptance was signed by the general agent of the defendant on April 10, 1912, as follows, 'I have taken up the matter of resolutions passed by your honorable body on December 18, 1911, relative to the Keystone Telephone Company of Philadelphia, and

beg to advise you that the conditions stipulated and specified in said resolutions are hereby accepted.' It further appears that by an ordinance of the plaintiff borough adopted on April 19, 1901, all telephone companies are required to pay an annual license fee of one dollar for each pole and two dollars and fifty cents for each mile of wire maintained within the borough. This suit is brought to recover these charges due on May 1, 1912, and May 1, 1913.

"The affidavit of defense avers that the charges imposed by the ordinance of April 19, 1901, are unreasonable and void, because they are greatly disproportionate to any expense which could be reasonably and fairly incurred by the plaintiff in the exercise of the police power and that from the facts set forth in the affidavit such reasonable charge would not exceed one-fifth of the amounts charged.

"To this the plaintiff has replied that the question of reasonableness is not open to inquiry in this proceeding, because the defendant has obligated itself by contract to pay to the plaintiff annually one dollar per pole and two dollars and fifty cents per mile of wire.

"The question presented therefore is, has the defendant so contracted?

"It is not necessary to reason this question ab integro, because this case either trains with Cochranton Borough v. Cochranton Telephone Co., 41 Pa. Superior Ct. 146, or with Johnstown Telephone Co. v. Southport Borough, 47 Pa. Superior Ct. 468, and is, therefore, governed by precedent. In the first case the company by its predecessor accepted the provisions of a specified ordinance and agreed thereto. This ordinance fixed the license charges. It was held that this constituted a contract, and that the amount of the charges thus agreed upon was not open to be questioned for unreasonableness. In the latter case, the company agreed to be 'governed by all the legal ordinances of a general nature now in force or that may hereafter be enacted.' There was an ordinance

previously passed fixing the amount of license charges. It was held that the company had not contracted itself from questioning the reasonableness of the charges. In our case there is no agreement to pay charges ordained by any particular ordinance. It is to pay the charges authorized by law and ordinances now in force. If the charges be unreasonable, they were not authorized by law, nor were they in force. The charges to be paid are designated as lawful charges. If they are unreasonable they are not lawful. We are of opinion that the case is ruled by the latter case, which is followed in Kittanning Borough v. American Natural Gas Co., 239 Pa. 210, and plaintiff's rule for judgment is therefore refused."

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*Edward P. Bliss,* for appellant.—The case is ruled by Cochranton Boro. v. Telephone Co., 41 Pa. Superior Ct. 153; Allegheny v. Peoples Gas Co., 172 Pa. 632.

The borough had the right to grant or withhold the valuable rights and privileges which the company desired, and the company having acquired them by agreeing to the terms imposed, ought not now to be allowed to avoid its obligations: Allegheny v. Peoples Nat. Gas, Etc., Co., 172 Pa. 634.

*James Collins Jones,* with him *W. Roger Fronefield,* for appellee.—The ordinance in this case is ineffectual to impose upon the defendant a contractual obligation to pay the charge in question: Johnstown Telephone Company v. Ferndale Borough, 47 Pa. Superior Ct. 461; Kittanning Borough v. American Nat. Gas, Etc., Co., 239 Pa. 210.

An invalid ordinance is no more an ordinance than is an unconstitutional statute, and it is settled that the latter is as though it had no existence: Norton v. Shelby County, 118 U. S. 425.

There is no more reason why the defendant should be bound by the invalid ordinance of the borough than why a corporation should be bound by an invalid provision in its charter, and it has been adjudged by the Supreme Court that a corporation is not bound by such a provision: Philadelphia, Morton & Swathmore Street Ry. Company's Petition, 203 Pa. 354.

OPINION BY PORTER, J., October 9, 1916:

This is an appeal by the plaintiff from the order of the court below discharging a rule for judgment for want of a sufficient affidavit of defense. The facts as developed by the statement of claim and the affidavit of defense and the law applicable thereto are very clearly and satisfactorily summarized in the opinion filed by Judge BROOMALL of the court below, which will appear in the report of this case, and fully vindicate the action of the court. We deem it necessary to add but a single suggestion. The affidavit of defense distinctly avers that the defendant had, prior to the institution of this action by the plaintiff, at No. 201 March Term, 1913, of the court below, filed a petition, under the provisions of the Act of April 17, 1905, P. L. 183, for the purpose of having the license fees in question adjusted according to law. The result of that proceeding ought to determine the validity of the charges imposed by the ordinance in question. The specifications of error are overruled.

The appeal is dismissed at the costs of the plaintiff, but without prejudice, &c.